## Henry Liebenstein

*v.*

## The Baltic Fire Insurance Company.

1. Insurance — *of the policy—description of property.* Insurance effected on stock "contained in a chair factory, situated on Superior street," included not only the stock in the main building, where the manufacturing was done, but also, that in the engine building, which was appurtenant to it, and connected with it by a platform, and by the belting passing from the engine to the machinery contained in the main building; both buildings being necessary to constitute the "factory."

2. Same — *the term "factory" defined — may apply to several buildings when used for one purpose.* The term "factory" does not necessarily mean a single building, but may apply to several, where they are used in connection with each other for a common purpose, and stand together in the same inclosure.

3. Former decision. The case of *The Peoria Marine & Fire Ins. Co.* v. *Lewis,* 18 Ill. 562, referred to as an authority in point.

Appeal from the Circuit Court of Cook county; the Hon. Erastus S. Williams, Judge, presiding.

This was an action of assumpsit, brought by the appellant against appellee, in the court below, on a policy of insurance against loss or damage from fire, in the sum of $1,250. The cause was tried by the court, who found for the defendant, whereupon an appeal was taken to this court. The further facts in this case are fully stated in the opinion.

Messrs. Rosenthal & Pence and Mr. Wm. Hopkins, for the appellant.

Messrs. Asay & Lawrence, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

The appellant, being engaged in the manufacture of chairs, effected an insurance with the appellee on property described in the policy as " chair lumber, and such other stock as is' usually used in a chair manufactory, contained in their chair factory, situated on Superior street, between Kingsbury and Roberts streets, Chicago, Illinois." The establishment consisted of a main building, in which about thirty men were employed, and which also contained the machinery, and an engine house about twenty feet square, standing ten feet in the rear of the main building and connected with it by a platform eight feet wide, and by the belting passing from the engine to the machinery, and the board covering of the belt. There was also a shed some fifty feet distant. The second story of the engine house was used as a drying room for the chair stuff after it had been worked. A fire caught in the engine house and consumed a portion of this material. The only question presented by the record is, whether the property thus destroyed falls within the description used in the policy; in other words, whether the property in the engine house was properly described as "contained in the chair factory, situated on Superior street." That it was the intent of the appellant to insure the lumber in the drying house, under this description, can hardly be doubted. By the same policy an insurance was effected on similar property in the shed above mentioned, but for less than half the sum insured on the property in the factory. The main building was occupied with machinery and workmen, and the mass of the material worked up while green, and going through the drying process before being made into chairs, must have been stored in this building, and the appellant undoubtedly supposed he was insuring it under the description of " chair lumber, and such other stock as is usually used in a chair manufactory." Was there any misdescription or misrepresentation as to its locality on the part of the assured?

It is contended, in behalf of the appellee, that the policy cannot be construed as covering lumber and stock in both the main building and that occupied by the engine, and that we must decide to which of these buildings the description most

appropriately applies.   But we are of opinion that the phrase "stock contained in the chair factory" included, not only stock in the main building in which the men and machinery worked, but also that in the engine building, which was appurtenant to the other, and connected with it in the manner we have above described.   Both buildings were necessary to constitute "the factory."   The saws, planers, lathes and other machines described by the witness, were in one building, and the engine, which kept all this machinery in motion, was in the other, and both were equally component parts of the factory.   The destruction of either would have put an end to its operations. The word "factory" does not necessarily mean a single building or edifice, but may apply to several, where they are used in connection with each other, for a common purpose, and stand together in the same inclosure.   This is popular usage, and also that of the lexicographers.   Webster defines the term as "a building, or collection of buildings, appropriated to the manufacture of goods."   See, also, *Peoria Marine & Fire Ins. Co.* v. *Lewis*, 18 Ill. 562.

We are clearly of opinion, that lumber in either of these buildings was strictly "contained in the chair factory," and therefore within the language of the policy, and when the assured represented the lumber as in the factory, the company had no right to suppose, and indeed could not have supposed, that that term meant only one of these buildings, to the exclusion of the other.   We must reverse the judgment.

*Judgment reversed.*