[United States Court for the District of Connecticut, September 10th, 1884.]

### THE PEORIA SUGAR REFINING COMPANY *vs.* THE PEOPLE'S FIRE INSURANCE COMPANY.

A policy of fire insurance contained the following provision: "Insurance once made may be continued for such further term as may be agreed on, the premium being paid and a renewal receipt given; and it shall be considered as continued under the original representation, so far as not varied by a new representation in writing, which it shall be incumbent on the insured to make when the risk has been changed, within itself or by the surrounding buildings; otherwise said policy and renewal shall be void." The policy also provided that if the risk should be increased by any means known to the assured, without immediate notice to the company and indorsement on the policy, the insurance should become void. The defendants insured a factory for the plaintiffs for the term of one year upon a written representation which described it as "detached on all sides." During the year the plaintiffs erected a large warehouse forty-one feet from the factory, which increased the risk. At the end of the year they applied for a "renewal by a new policy," but gave no notice of the erection of the warehouse. A new policy was issued in the same terms with the old one, and during the year covered by it the factory was burned. Held—

1. That the neglect of the plaintiffs to notify the defendants of the increased risk from the erection of the warehouse rendered the renewal of the insurance void.

2. That it did not alter the case that the renewal was by a new policy and not by a renewal certificate, the plaintiffs themselves asking for the renewal in that form.

The policy gave the plaintiffs permission "to make additions, alterations and repairs." Held that the new building could not properly be called an addition to the factory, although connected with it by a bridge and an underground passage.

SHIPMAN, J. This is an action at law, which was tried by the court, the parties having, by written stipulation duly signed, waived a trial by jury.

The facts which are found to have been proved and to be true, are as follows:

In February, 1880, the plaintiff employed Frederick B. Hamlin, as its insurance broker, to procure insurance upon its property to a large amount. He was not able to obtain the entire amount that was desired, and employed William W. Buckley & Co. as his sub-agents or brokers, to obtain for the

plaintiff a portion of said insurance. Said Buckley, as the plaintiff's agent and not in behalf of the defendant, applied on March 3d, 1880, to the defendant, an insurance company in Middletown, Connecticut, for insurance on the plaintiff's brick grape sugar manufactory and on the machinery contained therein. He also furnished to the defendant a memorandum containing a simple diagram of the lower story of the plaintiff's factory, and written statements in regard to the characteristics and valuations of the property to be insured. The only statement which is important in the present case is the following: "Building detached on all sides." The memorandum did not indicate how near any other buildings were to the insured property. It was entirely detached from and not within forty feet of any other building.

The defendant issued to the plaintiff a policy of insurance for $1,000 upon its factory, and for $1,000 upon its machinery contained therein, for the term of one year from March 4th, 1880. Said policy contained the following provisions: " Insurance, once made, may be continued for such further term as may be agreed on, the premium therefor being paid, and a renewal receipt being given for the same; and it shall be considered as continued under the original representation in so far as it may not be varied by a new representation, in writing, which in all cases it shall be incumbent on the party insured to make, where the risk has been changed, either within itself or by the surrounding or adjacent buildings; otherwise said policy and renewal shall be void and of no effect."

In May, 1880, the plaintiff built a warehouse, 144 feet long, and $40\frac{5}{12}$ feet distant from the main factory. The first story was of brick and the second story was of wood. All but the brick part was covered by an iron sheeting. The second story of the main building and the second story of the warehouse were connected by an iron skeleton bridge which was used by the workmen as a passage way. The bridge was originally of wood, but was changed to iron at the suggestion of some insurance men.

There was also an underground passage, about four feet

square, lined with wood, between the two buildings. This was not used as a passage way for men nor to run feed, but as a place for pipes, and through it ran the large water pipe which supplied the main building. The wooden lining was not scorched at the time of the fire, so that when the factory was rebuilt the same underground connection between the two buildings was again used.

In the basement of the warehouse were two iron revolving cylindrical drums or dryers for drying feed. They were heated by iron steam pipes to about 160 degrees Fahrenheit, and made six revolutions per minute.

The main factory and its contents were entirely destroyed by fire on October 27th, 1881. The fire originated in the warehouse in a room near the dryers, but how or from what cause it originated is unknown. A strong wind, which was blowing at the time, carried the fire to the main factory.

On February 24th, 1881, said Buckley applied in writing for the plaintiff to the defendant to "renew by new policy" said policy which was to expire March 4th, 1881; "divisions same as last year, rate increased to $1\frac{1}{4}$ per cent." By "divisions" the respective amounts on building and machinery were meant.

In pursuance of this application for renewal, and without any examination, or other representations or survey, the defendant issued a new policy, whereby said pre-existing insurance for $2,000 was renewed for one year ending March 4th, 1882. The risk had been increased by the erection of the new building.

The action is brought upon the new policy. It contained the same provisions which have been quoted, and, except in rate, was a substantial repetition of the old policy. The defense is that after the date of the first policy and before the renewal, the risk had been materially changed by the erection of the warehouse, of which no notice was given to the defendant, and that when the renewal was obtained no information was given of the increased risk.

The position of the case is this: the memorandum made no representations as to the distance between the main fac-

tory and any other building. It simply said, "Building detached on all sides," and no evidence was offered by the defendant to show that the connection by the underground wooden-lined conduit increased the risk or made any material change of the representation; so that no attention need be given to any supposed increase of risk from the conduit. There was, as testified, an increase of risk by the erection of the new building within forty-one feet from the main factory.

The question then arises, does the quoted provision in the policy require that, when a renewal is obtained upon a risk which has been increased during the preceding term, without the knowledge of the insurer, in a particular concerning which no representations were made in the original application, information of such increase of risk shall be given upon the request for a renewal? The language of the provision is "which [new representation] in all cases it shall be incumbent on the party insured to make, when the risk has been changed," &c. If this was the only provision in the policy with regard to notice of change of risk, there would be good ground for the opinion that a new representation was incumbent upon the insured only when an original representation had been made in regard to the particulars which had been changed, and that when silence had originally existed the insured was not called upon to make new representations. But the policy also says: "If, after insurance is effected, either by the original policy, or by the renewal thereof, * * * the risk be increased by any means whatever within the knowledge of the assured, * * * without immediate notice to the company and indorsement made on the policy, this insurance shall be void and of no effect."

The contract thus provided that, when the risk was materially increased after insurance was effected, by any means known to the insured, notice must be given or the policy would become void. It can hardly be the fair construction of the policy that it could be avoided, during the continuance of the first term, by an increase of risk unknown to

the insurer, and that, when the insurance was renewed without notice or knowledge of the increase, the renewal should be valid. The intent of the policy was to make it incumbent upon the insured, after the original insurance was effected, to inform the insurer of any material changes in the character of the risk by known means. He was compelled by the stringent provisions of his contract to affirmatively tell the insurer of a material increase in the risk which occurred after the insurance was effected, and, if no such information had been given, to tell the insurer of such increase when a renewal was asked for. The duty to give such information seems not to depend upon the fact that the representations had been made, prior to the original insurance, which had become incorrect.

But the plaintiff says that the provisions of the policy in regard to continuing or renewed insurance are applicable only when the renewal is evidenced or shown by a renewal receipt. This construction, though plausible, does not seem to me to be fair. The policy says that insurance, once made, may be continued for an agreed time, a renewal receipt being given therefor; that is, the insurance may be continued after the expiration of the original term, and may be evidenced by a renewal receipt, and a new policy is not necessary. The policy then says : "It," (that is, the insurance continued for an agreed term,) "shall be considered as continued under the original representation," &c. "It" refers to the renewed insurance, but is not limited to renewed insurance evidenced by a renewal receipt. Such a limitation would be unjust to the insurer, and is inconsistent with good faith on the part of the insured when he asks to have the insurance renewed by a new policy.

It must be observed that, in this part of the case, there are three facts of importance : 1st. The careful provisions of the policy which made it incumbent upon the insured to give notice of any material change in the risk by known means. 2d. The defendant was expressly requested to renew the insurance and to renew by a new policy. 3d. The new policy was a substantial repetition of the

terms of the original policy, except in the rate, the change therein having been directed by the applicant.

What would be the state of the law in a case in which either of these conditions did not exist, it is not necessary to consider.

By the policy permission was given "to make additions, alterations and repairs." A building forty feet distant from the insured building, though connected with it by a bridge and an underground passage, cannot with propriety be called an "addition." It is a new and separate building, while it is attached to the main factory in the way that has been stated.

Let judgment be entered for the defendant.

*A. P. Hyde* and *F. D. Locke*, for the plaintiff.

*C. E. Perkins*, for the defendant.