## C. W. BATSEL v. J. M. BLAINE.

(No. 2992.)

APPEAL from Grayson County.    Opinion by WILL-SON, J.

(*Transferred from Austin.*)

TURNER & BRYANT, counsel for appellant.

No counsel appeared for appellee.

§ **195.** *Appeal bond from justice's court is governed by article 1639 of Revised Statutes; case stated.*    Appellant sued appellee for the possession of two cows of the alleged value of $150.    The suit commenced in justice's court, where appellant recovered judgment.    On appeal to the county court by appellee judgment was rendered in favor of appellee, and appellant prosecutes this appeal. In appealing from the judgment rendered in justice's court appellee executed an appeal bond in accordance with article 1639 of the Revised Statutes.    Such appeal bond was sufficient and conferred jurisdiction of the cause upon the county court.    Article 1405 of the Revised Statutes is not applicable to an appeal prosecuted from the judgment of a justice's court, such appeal being governed by article 1639.

§ **196.** *Ordinance forbidding cattle to run at large, etc.; constitutionality of such ordinance; case stated.*    It appears from the evidence that appellee was the city marshal of the city of Sherman, Texas, and, as such, took up the cows in dispute by virtue of an ordinance of said city forbidding cattle to run at large in said city. Appellant contends that said ordinance is unconstitu-

tional because it comes within the meaning of section 23, article 16, of the constitution, and was not submitted to and approved by the freeholders of said city. We are of the opinion that said section of the constitution has no reference whatever to such an ordinance. That section relates to laws for the regulation of live-stock and the protection of stock raisers in the stock-raising portions of the state. It was not intended to operate in cities and to restrict the powers of municipal corporations in the enactment police regulations. Cities and towns are chartered by the legislature under express authority conferred by the constitution. [Const., art. 11, §§ 4, 5.] And under the general law the power to establish public pounds, and to regulate, restrain and prohibit the running at large of cattle, etc., is expressly granted to cities and towns. [R. S., art. 400.] We are clearly of the opinion that the ordinance in question is not unconstitutional because not submitted to and approved by the freeholders of the municipality. Nor is the ordinance invalid because it directed and enforced the marshal to establish public pounds. This was not a delegation to him of such authority as would invalidate the ordinance.

January 14, 1891.                              Affirmed.