## William C. Reebie et al. v. Charles E. Brackett.

1. WAREHOUSEMEN—*Have Lien on Goods for Storage Charges.*— Warehousemen have a common law lien upon goods stored with them for services performed in relation to them.

2. SAME—*Power to Sell Property for Charges.*—Without an enabling statute a warehouseman can not sell the property stored with him, unless he obtains an order to that effect from a court of competent jurisdiction.

3. CHATTEL MORTGAGES—*Acts Constituting a Mortgage of Goods Between Warehouseman and Owner.*—The loaning of money by the warehouseman to the owner of goods stored in the warehouse, an assignment of the warehouse certificate to the warehouseman and the execution of a defeasance, being simultaneous and parts of the same transaction, constitute a mortgage as between the parties.

4. SAME—*Right of Mortgagor to Sell upon Forfeiture of Condition.*—Upon forfeiture of the condition in a chattel mortgage, the possession of the goods then being in the mortgagee, the legal title vests in him absolutely, and he may lawfully sell such goods, either at public or at private sale.

5. SAME—*On Household Goods of Married Man Must be Joined in by Both Man and Wife.*—Under the act of 1889, concerning the foreclosure of chattel mortgages upon household goods, etc., it is provided that no chattel mortgage executed by a married man or married woman on household goods, shall be valid, unless joined in by the husband or wife, as the case may be.

6. WITNESSES—*Need Not be Experts to Testify to Matters of Common Knowledge.*—Every one is presumed to have some idea of the value of property which is in almost universal use, and it is not necessary to show that a witness is an expert in order to give an opinion as to the value of household goods.

7.  CONVERSION—*Measure of Damages in.*—The measure of damages for the conversion of goods stored with a warehouseman and deliverable on demand, is their value at the date of demand.

Assumpsit, for goods stored with warehousemen. Appeal from the Circuit Court of Cook County; the Hon. RUSSELL P. GOODWIN, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed October 8, 1903.

Appellee, then and yet a married man, brought an action in assumpsit against appellants to recover the value of certain household goods which, on June 14, 1895, he had stored with them as warehousemen. When the goods were delivered to them appellants gave him a warehouse receipt in the usual form. In April, 1896, appellee borrowed the sum of $20 from appellants. At that time, and as a part of the same transaction, certain papers were executed between them, namely:

1.  Upon the back of the warehouse receipt was written the following:

"April 14, '96.

For value received I hereby sell and assign to W. C. Reebie & Bro. all H. H. goods herein mentioned.
                    (Signed)     CH. E. BRACKETT."

The warehouse receipt thus indorsed was then delivered to appellants.

2.  Appellants executed and delivered to appellee the following receipt:

"April 14, 1896.

C. E. Brackett to W. C. Reebie & Bro. July 14, '95, storage to April 14, '96, @ $4.00 . . $36.00.  Paid April 14, '96.
                    (Signed)     W. C. REEBIE & BRO."

3.  Appellee received from appellants the following paper:

"CITY, April 14, '96.

We hereby agree to sell and return to C. E. Brackett (except in case of fire) one lot of H. H. goods, as described in warehouse receipt of lot No. 1,304, upon payment of seventy-eight ($78.00) dollars if paid on or before July 14, 1896.
                    (Signed)     W. C. REEBIE & BRO."

The sum of $78 mentioned in the last paper includes

the $20 then loaned. It appears that appellee was a traveling man, and was absent from the city of Chicago the greater part of the time. In September, 1896, the wife of appellee, acting for him, called upon appellants and paid them $25. She asked for a receipt, but they refused to give it, stating that the transaction was a peculiar one. They did not tell her that appellee had sold the goods to them. She left her address, and they promised they would not sell the goods without personally notifying her. She called upon them several times after that, telling them that she was saving money and would soon have it all paid. In April, 1898, without previously notifying appellee or his wife, appellants placed the goods in an auction room and sold them for the net sum of $202.40. In August, 1898, the wife of appellee went to pay the storage upon and take the goods. She had the necessary money with her. When she made known her errand, one of appellants told her that the goods were sold. Subsequently appellee called upon appellants and was told by them that his goods had been sold. Upon the trial appellee introduced evidence tending to prove that these goods were worth from $1,400 to $1,800, and contended that he was entitled to recover the value of the goods in August, 1898, when the demand was made and conversion took place. The contention of appellants is that the recovery, if any, is limited to the amount of cash realized at the auction sale. The jury returned a verdict finding the issues for appellee and assessing his damages at $610. Judgment was rendered upon the verdict, from which this appeal was perfected.

VOCKE & HEALY, attorneys for appellants.

Assumpsit will not lie to recover property wrongfully withheld from the owner, unless it has been sold and converted into money or money's worth, in which event the owner may waive the tort for wrongfully taking or holding the property and sue in assumpsit for the amount actually received at such sale. 1 Am. & Eng. Enc. of Law, pp. 888,

Sec. 13, and cases there cited.  Johnston v. Salisbury, 61 Ill. 316; Creel v. Kirkham, 47 Ill. 344; Kellogg v. Turpie, 2 Ill. App. 55; Kellogg v. Turpie, 93 Ill. 265.

GRAHAM H. HARRIS, attorney for appellee.

Where money is loaned and a bill of sale of chattels is given, and at the same time a contract is entered into to re-sell the chattels at a certain price, within a time named, the transaction is a chattel mortgage.  Waite v. Dennison, 51 Ill. 319, 323; Fuller v. Davis' Sons, 184 Ill. 505, 512; Whittemore v. Fisher, 132 Ill. 243, 259; Bearss v. Ford, 108 Ill. 16; Miller v. Thomas, 14 Ill. 428; Williams v. Bishop, 15 Ill. 553; Jackson v. Lynch, 129 Ill. 72; Rue v. Dole, 107 Ill. 275.

A chattel mortgage of household goods can not be foreclosed except in a court of record.  2 Starr & Curtis, p. 2773.

When the owner of chattels delivers them to another, under a contract that the identical things are to be returned, it is a bailment.  Lonergan v. Stewart, 55 Ill. 44; Grier v. Stout, 2 Ill. App. 602; Bastress v. Chickering, 18 Ill. App. 198; McEwen v. Morey, 60 Ill. 32; Richardson v. Olmstead, 74 Ill. 213; Nat. Bk. of Elgin v. Schween, 127 Ill. 573; Chickering v. Bastress, 130 Ill. 206; Wetherell v. O'Brien, 140 Ill. 146; Bradley Mfg. Co. v. Raynor, 70 Ill. App. 639.

A bailee who converts bailed property, or fails to return same on demand, is liable in assumpsit.  The measure of damages is the value of the property at the time of the demand.  Cushman v. Hayes, 46 Ill. 145; Leonard v. Dunton, 51 Ill. 482; O'Reer v. Strong, 13 Ill. 688–690.

Assumpsit lies to recover the value of chattels converted. Where possession has been wrongfully obtained and the property sold the amount received by the defendant is the measure of recovery.  Where, however, possession has been lawfully obtained and the property converted, the measure of recovery is the value of the goods at the date of the demand.  Leonard v. Dunton, 51 Ill. 482; Cushman v. Hayes, 46 Ill. 145; Cloke v. Shafroth, 137 Ill. 402; C. & N. W. Ry. Co. v. Dickinson, 74 Ill. 253.

When a mortgagee in possession sells the mortgaged property without legally foreclosing, he is liable for its value. Waite v. Dennison, 51 Ill. 323; Fuller v. Davis' Sons, 184 Ill. 505–12; Whittemore v. Fisher, 132 Ill. 243; Bearss v. Ford, 108 Ill. 16.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

The relation of appellants to these goods when they came into their custody was that of warehousemen. This gave them a common law lien upon the goods for services performed in relation to them. They had the right to hold the goods until their charges upon them were paid, but they had no right to sell the goods for their charges. Without an enabling statute the warehouseman can not sell the property stored with him, unless he obtains an order to that effect from a court of competent jurisdiction. Jones on Liens, Sec. 976; Low v. Martin, 18 Ill. 286; Hanchett v. First Nat'l Bank, 25 Ill. App. 284. In many of the states a remedy by sale for the purpose of enforcing this lien is provided by statute. Counsel have not referred us to such a statute in this state, and we have found none.

The loan of $20 to appellee, the assignment of the warehouse certificate to appellants, and the execution of the defeasance, being simultaneous and parts of the same transaction, constituted a mortgage as between the parties. Jones on Chatt. Mortgages, Sec. 19, 2d Ed. The law is that upon forfeiture of the condition in the mortgage, the possession of the goods then being in appellants, the legal title vested in them absolutely, and they might lawfully sell such goods either at public or private sale. Rhines v. Phelps, 3 Gilm. 455; Constant v. Matteson, 22 Ill. 559; Durfee v. Grinnell, 69 Ill. 373; Larmon v. Carpenter, 70 Ill. 550; McConnell v. People, 84 Ill. 584.

But these authorities have no application to this case, for the reason that the property stored consisted of household goods, and appellee was then a married man and his wife did not join with him in the conveyance. Under the

act of 1889, concerning the foreclosure of chattel mort-
gages upon household goods, etc., it is provided that no
chattel mortgage, executed by a married man or married
woman on household goods, shall be valid unless joined in
by the husband or wife, as the case may be. In Gaines v.
Williams, 146 Ill. 450, this act is held to be valid. It fol-
lows that what these parties did April 14, 1896, is void,
and appellants acquired no rights thereunder. Being a
nullity, it left the parties just where it found them. Ap-
pellants remained as warehousemen with no right of sale.

Afterward, and without having obtained a decree of a
court of chancery empowering them to sell, appellants sold
these goods, and thereby converted them. By so doing
they rendered themselves liable to this action for damages.

There is abundant evidence in the record to sustain the
verdict as to the amount of damages. The objection made
that the witnesses were not experts, and therefore not
qualified to testify as to the value of the goods, is not well
taken.

" Every one is presumed to have some idea of the value
of property which is in almost universal use, and it is not
necessary to show that a witness is a drover or a butcher
before he is allowed to give an opinion of the value of a
cow." Ohio & M. R. R. Co. v. Irvin, 27 Ill. 180. See,
also, Sewell v. Chicago Terminal R. R. Co., 177 Ill. 95.

The warehouse receipt fixed no time within which the
goods were to be returned to appellee. Hence they were
deliverable on demand. These goods were converted by
appellants, and the measure of appellee's recovery is their
value at the date of the demand. Cushman v. Hayes, 46
Ill. 145, 156; C. & N. W. Ry. Co. v. Dickinson, 74 Ill. 253.

We are satisfied that the law involved in the case was
fairly given to the jury, and that the verdict is just. We
therefore affirm the judgment of the Circuit Court.