FARLEY, Respondent, vs. SPRING GARDEN INSURANCE COMPANY, Appellant.

*February 21—March 12, 1912.*

*Fire insurance: Breach of condition invalidating policy: Pleading:*
*Defensive matter: Order of proof: Estoppel: Notice: Renewal of*
*policy: Information to be furnished: Evidence: Value of prop-*
*erty destroyed: Opinion of owner.*

1. In an action upon an insurance policy breach of a condition rendering the policy void is a matter of defense.
2. It was not error in such a case to permit plaintiff to introduce evidence of an estoppel in anticipation of the defense of breach of such a condition.
3. Although the Wisconsin standard policy contains a provision that it "shall be void if the subject of insurance be a building on ground not owned by the insured in fee simple," yet a company issuing such a policy and receiving and retaining the premium with knowledge that the insured does not own the land upon which the building stands is estopped from declaring the policy void.
4. The company's knowledge of such fact at the time of issuing a policy is equally binding upon it when it issues a renewal thereof; and it is immaterial whether the company's agent had in mind, at the time of the renewal, the information which he had received when the original policy was issued.
5. Under sec. 1941—51, Stats. (1898), it is not necessary for the insured, at the time of renewal of a policy, to furnish any information except as to increase of hazard, and the renewal is subject to the terms and conditions of the original policy.
6. The owner of insured property which is destroyed, consisting of a building and other common articles of personal property, is competent to give his opinion as to the value thereof. *Allen v. C. & N. W. R. Co.* 145 Wis. 263, distinguished.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

This is an action brought to recover upon a Wisconsin standard fire insurance policy. The complaint alleges the corporate existence of defendant; the issuance of the policy, by the terms of which plaintiff's building was insured in the

sum of $700 and the furniture in the sum of $300, and that on March 14, 1911, and while the policy was in force the property was destroyed by fire, which did not happen from any of the causes excepted in the policy; that the building was of the value of $1,000 and upwards and the furniture of the value of $1,000 and upwards; that the plaintiff performed all the conditions on his part to be performed and made due proofs of loss; that defendant denied all liability under the policy and refused to pay, assigning as a ground and reason therefor that said building stood upon leased ground; that plaintiff had no other insurance on the property, and by reason of the premises defendant became indebted to plaintiff in the sum of $1,000, which has not been paid.

The answer admitted the corporate existence of the defendant, the issuance of the policy, and the destruction of the property by fire, and alleged that the defendant was induced to issue the policy relying upon false representations to the effect that the plaintiff was the owner in fee of the land upon which the building stood, when in fact he was not the owner, which false representations, by the terms of the policy, rendered it void, and that no agreement had been made by the defendant waiving said condition in the policy.

The court directed a verdict in favor of the plaintiff. Motion for a new trial was denied and judgment rendered in favor of the plaintiff, from which this appeal was taken.

*W. B. Quinlan,* for the appellant.
*C. R. Fridley,* for the respondent.

KERWIN, J. It appears from the evidence offered by the plaintiff that in June, 1909, the defendant insured the property in question for one year, and at the time of making application for insurance plaintiff informed the agent of defendant who issued the policy that he did not own the land upon which the building stood, and stated to the agent the nature of his title. The policy contained the following provision:

"This entire policy shall be void if the subject of insurance be a building on ground not owned by the insured in fee simple." At the expiration of the year and in June, 1910, the defendant through its agent renewed the policy and issued a policy to plaintiff upon the same property and delivered it to him through the mail, which is the policy in suit. No information was given to defendant subsequent to the issuance of the first policy and prior to the time the renewal policy was issued.

It is contended by appellant that the policy was void because the building stood upon leased ground, and that in order to admit evidence of estoppel the plaintiff was bound to plead the facts showing estoppel. The action being upon the policy, a breach of the condition referred to rendering the policy void was matter of defense. *Gans v. St. Paul F. & M. Ins. Co.* 43 Wis. 108; *Redman v. Ætna Ins. Co.* 49 Wis. 431, 4 N. W. 591; *Cronkhite v. Travelers Ins. Co.* 75 Wis. 116, 43 N. W. 731; *Denoyer v. First Nat. Acc. Co.* 145 Wis. 450, 130 N. W. 475.

It appeared upon the plaintiff's showing in making his case that the building stood upon leased ground, and the plaintiff then offered evidence, which was received over objection, to the effect that the defendant had knowledge before the first policy was issued that the building insured stood upon land not owned by plaintiff. It may well be that this evidence was offered out of order, and that plaintiff was not obliged to anticipate the defense, or offer any evidence of estoppel until defendant had made his proof on the subject of breach of the condition to the effect that the policy should be void if the building which was the subject of the insurance be on ground not owned by the insured in fee simple. 19 Cyc. 926; *Gardner v. Continental Ins. Co.* (Ky.) 75 S. W. 283. No error was committed in the admission of the evidence offered by plaintiff in making out his case.

The principal contention of the appellant's counsel under

this head seems to be that the evidence offered to show estoppel was not within the issues, because the plaintiff had brought suit upon the Wisconsin standard policy, and to allow the proof would be to nullify the condition and practically eliminate it from the policy. The argument is ingenious, but unsound. It is admitted that the policy sued upon was the standard policy as alleged in the complaint, but that the condition referred to was rendered inoperative by knowledge on the part of the defendant, before issuance of the first policy, of the fact that plaintiff was not the owner of the ground in fee. The undisputed evidence shows that the defendant had knowledge that plaintiff did not own the land upon which the insured building stood, and issued the first policy and received and retained the premium with such knowledge. This, upon well settled principles, estopped the defendant from declaring the policy void or changing its position to the prejudice of the plaintiff. *Welch v. Fire Asso.* 120 Wis. 456, 98 N. W. 227. It appears from the evidence that notice to the defendant that plaintiff was not the owner of the land was brought to the defendant shortly before the first policy was issued in June, 1909, and that the renewal policy, the one in suit, was issued in June, 1910, and just before the first policy expired. The notice to the defendant at the time of issuance of the first policy was binding upon defendant at the time of issuance of the renewal. Sec. 1941—51, Stats. (1898), provides:

"This policy may, by a renewal, be continued under the original stipulations, in consideration of premium for the renewed term, provided that any increase of hazard must be made known to this company at the time of renewal or this policy shall be void."

Under this statute it seems clear that it was not necessary at the time of renewal to furnish any information, except as to increase of hazard, and that the renewal was subject to the terms and conditions of the original policy. This has been

held to be the rule independent of statute. *Bickford v. Ætna Ins. Co.* 101 Me. 124, 63 Atl. 552; *Aurora F. & M. Ins. Co. v. Kranich,* 36 Mich. 289.

It is established without substantial dispute that one Halmer Forslund was the agent of defendant in 1909 and 1910 and issued both policies. Error is assigned because the court sustained an objection to the following question asked Forslund by counsel for appellant:

"*Q.* You may state whether or not at the time that policy was sent out, the policy of 1910, and which is sought to recover on in this suit, you had in mind or knew anything about this property or building which is included in the policy being on leased ground at that time?"

There was no error in this ruling. This question related to the time the renewal policy was issued, and it is obvious from what has been said that whether the agent had in mind, at the time the renewal policy was sent out, the information received when the first policy was issued, is wholly immaterial. The renewal policy was issued upon the conditions known to exist by the defendant at the time the original policy was issued.

There was no evidence offered by defendant as to value of the property destroyed. The plaintiff testified to the value of the property, and error is assigned because he was permitted to testify over objection to such value, upon the ground that he was testifying as to his opinion and that he was not qualified to give an opinion in that regard. *Allen v. C. & N. W. R. Co.* 145 Wis. 263, 129 N. W. 1094, is relied upon by defendant on this point. An examination of that case will show that it is not in point. The property there was a portable sawmill and some lumber. The only evidence, except as to some minor items of lumber on hand, was that of the plaintiff as to the price paid for the property when new. The machinery had been in use four years and had been through one fire. Moreover, the court held that it was evi-

dent that the value fixed by the jury was excessive. The appellant here, however, seems to rest its contention on the ground that there was no competent evidence of value. The plaintiff, being the owner of the property, destroyed, which property consisted of a building and other common articles of personal property, was competent to give his opinion of the value. 17 Cyc. 113, 116; *Palmer v. Goldberg,* 128 Wis. 103, 107 N. W. 478; *Gorman v. Park,* 100 Fed. 553; *Reebie v. Brackett,* 109 Ill. App: 631; *Porter v. Hawkins,* 27 Mont. 486, 71 Pac. 664; *Houghtaling v. C. G. W. R. Co.* 117 Iowa, 540, 91 N. W. 811.

We find no prejudicial error in the record and think the court below was right in directing a verdict for plaintiff.

*By the Court.*—Judgment affirmed.