## AMERICAN INS. CO. OF CITY OF NEWARK, N. J., v. MADDOX.

### No. 1348.

Court of Civil Appeals of Texas. Waco.

May 4, 1933.

Rehearing Denied June 15, 1933.

Thompson, Knight, Baker & Harris and Hubert W. Smith, all of Dallas, and Lewis M. Seay, of Groesbeck, for appellant.

Mr. & Mrs. C. S. Bradley, J. E. & B. L. Bradley and L. W. Shepperd, all of Groesbeck, and W. M. White, of Mexia, for appellee.

ALEXANDER, Justice.

J. F. Maddox brought this suit to recover on a fire insurance policy in the sum of $1,-500 issued by the American Insurance Company. The policy, to the extent of $1,000, covered the machinery used in a cleaning plant and the remaining $500 covered the building. The insurance company, in addition to entering a general demurrer and a general denial, sought to avoid liability on the ground that the lot on which the building was situated was not owned by the insured in fee simple, and further because the insured carried more insurance than was permitted under the

concurrent insurance clause. A trial before a jury resulted in a verdict for plaintiff, and judgment was entered accordingly for the sum of $1,500. The insurance company appealed.

The policy provided that the total concurrent insurance permitted, including the policy sued on, should not exceed $4,500. It further provided as follows: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy. * * *"

Appellant's first contention is that the court erred in refusing to give an instructed verdict in its behalf because appellee carried more insurance on the property than was permitted by the above provision of the policy. The appellee concedes that at the time of the fire he carried insurance on the property to the amount of $6,500, but contends that the company had full knowledge of the amount of such insurance at the time it issued the policy and that it is now estopped to assert the provision of the policy prohibiting such additional insurance. The facts with reference to the alleged estoppel arose in this way: On February 19, 1929, the appellant, through its agent, Tom Cox, issued and delivered to the appellee its policy in the sum of $1,500, insuring the property against loss by fire for a period of one year. That policy limited the total insurance to $2,500. The remaining $1,000 insurance was carried in another company through Mr. Karner as agent. Said policy in the sum of $1,500 was renewed by appellant in 1930 by the issuance of a new policy and again in 1931, the last renewal being the policy on which this suit is based. Shortly after the issuance of the original policy in 1929, the appellee improved the property and informed Cox and Karner that he desired to carry additional insurance on the property. It was then mutually agreed between the appellee and Mr. Cox and Mr. Karner that additional insurance in the sum of $4,000 should be taken, $2,000 with Cox and $2,000 with Karner. Accordingly, Karner issued additional policies for $2,000, and Cox, with full knowledge of that fact, issued other policies in other companies for $2,000, making the total insurance $6,500. This all occurred during the year 1929. It does not appear that at that time any indorsement was made on the policy theretofore issued by the appellant, permitting such additional insurance. It is not shown what amount of concurrent insurance was provided for in appellant's renewal policy issued in 1930, but when this policy was renewed in 1931 it was so drawn as to limit the concurrent insurance to $4,500, instead of $6,500 as was actually carried. Each of the policies issued by Karner was a one-year policy and was renewed from year to year and was in force at the time of the fire, which occurred on October 5, 1931. Two of the policies issued by Karner were renewed the last time after appellant had issued the policy sued on.

It is well settled that if at the time appellant issued the policy sued on its agent knew that appellee had taken out and was then carrying more insurance than was permitted by the terms of the policy, the appellant would be estopped to plead said provision of the policy as a defense herein. It would not be allowed to plead as a defense a provision of the policy which it knew was false at the time the policy was issued. Wagner v. Westchester Fire Ins. Co., 92 Tex. 549, 50 S. W. 569; St. Paul Fire & Marine Ins. Co. v. Kitchen (Tex. Com. App.) 271 S. W. 893; Springfield Fire & Marine Co. v. Whatley (Tex. Civ. App.) 279 S. W. 287, par. 1, and cases there cited. It is clear that in 1929 while appellant was carrying a policy on the property in question its agent had knowledge of the fact that appellee had taken out and was then carrying $6,500 insurance on the property, and that said agent consented thereto. The insurance company was charged with notice thereof at the time it executed the renewal policy in 1930. It contends, however, that at the time it executed the renewal in 1931 it was not informed that the policies theretofore issued by Karner had been renewed and that it was not obligated to assume that such policies had been renewed. It appears, however, that appellant, through said agent, renewed its policy in 1930 and again in 1931 without any request or information from appellee or any one else. Said agent issued each of said renewals for the same amount and collected the premiums therefor, but kept the policies in his possession. Appellee never saw either of said policies and never knew that either of them limited the concurrent insurance to $4,500. From these facts we think it is apparent that appellant's agent must have necessarily issued the last policy with the same understanding and on the same information that he had at the time he issued the prior policy. The general rule is that, unless the contract is shown, the renewal will be presumed to have been issued upon the same information and subject to the same conditions known by the company to exist at the time the prior policy was issued. Cooley's Briefs on Insurance (2d Ed.) vol. 2, p. 1409; 26 C. J. 110, § 109; Springfield Fire & Marine Co. v. Whatley (Tex. Civ. App.) 279 S. W. 287; Farley v. Spring Garden Ins. Co., 148 Wis. 622, 134 N. W. 1054, par. 4; Bickford v. Aetna Ins. Co., 101 Me. 124, 63 A. 552, 8 Ann. Cas. 92; McKibban v. Des Moines Ins. Co., 114 Iowa, 41, 86 N. W. 38. Since appellant's agent knew when he issued the 1930 policy that the appellee had concluded to carry and was carrying

$6,500 insurance on the property, it must be presumed that he had the same information at the time he issued the policy sued on in 1931 and that it was agreeable with him for appellee to carry $6,500 insurance on the property. If appellant in the meantime had concluded to change the course previously pursued by it and to insist that appellee carry only $4,500 instead of $6,500, it should have so informed the appellee; and upon its failure to do so the appellee had a right to assume that the company was still pursuing the same course and that it had reinsured the property with the same understanding. Cooley's Briefs on Insurance (2d Ed.) vol. 2, p. 1409. The jury found that the agent knew the amount of insurance carried on the property at the time the last policy was issued, and we think the verdict is supported by the evidence. Since appellant's agent, at the time he issued the policy sued on, was charged with knowledge that the provision limiting the concurrent insurance to $4,500 was false, the company is estopped to plead said provision as a defense.

Appellant further contends that even though it be charged with notice of the execution of the Karner policies which were in force at the time it issued its last policy, yet since two of the Karner policies expired and were renewed after appellant issued its last policy, this constituted the procurement of other contracts of insurance as prohibited by the above-quoted provision of its policy and appellant has a right to urge same as a defense herein. We do not understand this to be the rule. The general rule is that the taking of a policy of insurance in renewal of a prior policy known to the company to exist is not considered the procurement of other contracts of insurance, but is merely the continuation of existing contracts and does not violate such inhibition. Cooley's Briefs on Insurance (2d Ed.) vol. 3, p. 2877; 14 R. C. L. 1139, § 321; Lewis v. Guardian Fire & Life Assur. Co., 93 App. Div. 157, 87 N. Y. S. 525; Hartford Fire Ins. Co. v. Redding, 47 Fla. 228, 37 So. 62, 67 L. R. A. 518, 110 Am. St. Rep. 118.

The policy provided: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the subject of insurance be a building on ground not owned by the assured in fee simple." The appellee did not own the lot on which the building was situated. The evidence shows, however, that at the time appellant issued the original policy on February 19, 1929, its agent, Tom Cox, was informed that appellee did not own said lot and the jury found that he knew this fact at the time he issued the policy sued on. What has been said with reference to estoppel, in connection with the breach of the concurrent insurance provision, applies with equal force to the provision with reference to the ownership of the lot. The appellant was estopped to plead said provision as a defense to the suit on the policy. St. Paul Fire & Marine Ins. Co. v. Kitchen (Tex. Com. App.) 271 S. W. 893.

We believe, however, that the judgment must be reversed for another reason. The policy insured the appellee "against all direct loss or damage by fire, except as hereinafter provided, to an amount not to exceed $1500.-00." It further provided:

"This company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war or commotion, or military or usurped power, or by order of any civil authority; or by theft; or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire or when the property is endangered by fire in neighboring premises; or (unless fire ensues, and, in that event, for the damage by fire only) by explosion of any kind, or lightning; * * *

"If a building or any part thereof fall, except as the result of fire, all insurance by this policy on such building or its contents shall immediately cease."

The only allegation made by the appellee in his petition as to the cause of the loss was that while said policy was in force "said insured property being of the value of $9,384.98, it was destroyed and damaged to the extent of $9,234.98, as more fully shown by the attached list, marked 'Exhibit A' and made a part hereof, showing the cost price of said insured property, the value at the time of the fire and the salvage value after the fire." The exhibit referred to was not attached to the petition. The petition did not allege specifically that the loss was caused by a fire nor that it did not occur as the result of one of the excepted causes. The court overruled the appellant's general demurrer to the petition. Upon the trial of the case appellant introduced evidence tending to show that an explosion preceded the fire. No issue was submitted to the jury as to what amount of the loss was proximately caused by the fire, exclusive of that caused by the explosion or other excepted causes.

There are numerous well-considered cases in this state which hold that where a policy of insurance insures against certain general hazards and then contains provisions seeking to limit the general liability thus assumed, it is not necessary for the insured to allege and prove that the loss did not arise under one of the excepted causes. It is said that these exceptions are exclusively for the benefit of the insurer and are strictly matters of defense. Burlington Ins. Co. v. Rivers, 9 Tex. Civ. App. 177, 28 S. W. 453; Hartford Fire Ins. Co. v. Watt (Tex. Civ. App.) 39 S. W. 200 (writ refused); Ginners' Mutual Underwriters v. Wiley & House (Tex. Civ. App.) 147 S. W. 629 (writ refused); East Texas Fire

Ins. Co. v. Dyches, 56 Tex. 565; Allemania Fire Ins. Co. v. Fred, 11 Tex. Civ. App. 311, 32 S. W. 243 (writ dismissed); Continental Casualty Co. v. Jennings, 45 Tex. Civ. App. 14, 99 S. W. 423; Employers' Liability Assurance Corp. v. Rochelle, 13 Tex. Civ. App. 232, 35 S. W. 869; Milwaukee Mechanics' Ins. Co. v. Frosch (Tex. Civ. App.) 130 S. W. 600; St. Paul Fire & Marine Ins. Co. v. Laster (Tex. Civ. App.) 187 S. W. 969.

 However, the rule as recognized by our Supreme Court and enforced in this state is that where the general liability of the insurer is thus limited by the terms of the policy, the burden is on the insured to both allege and prove that the loss sustained by him comes within the general liability thus assumed by the insurer, and in addition that it does not come within any of the excepted causes. Pelican Ins. Co. v. Troy Co-op. Ass'n, 77 Tex. 225, 13 S. W. 980; Phoenix Ins. Co. v. Boren, 83 Tex. 97, 18 S. W. 484; Travelers' Ins. Co. v. Harris (Tex. Com. App.) 212 S. W. 933; Coyle v. Palatine Ins. Co. (Tex. Com. App.) 222 S. W. 973; International Traveler's Ass'n v. Bettis, 120 Tex. 67, 35 S.W.(2d) 1040; Washington Fidelity National Ins. Co. v. Williams (Tex. Com. App.) 49 S.W.(2d) 1093; Fidelity-Phoenix Fire Ins. Co. v. Two States Telephone Co. (Tex. Civ. App.) 289 S. W. 726; Northwestern National Ins. Co. v. Westmoreland (Tex. Civ. App.) 215 S. W. 471; Northwestern National Ins. Co. v. Mims (Tex. Civ. App.) 226 S. W. 738.

While the evidence in this case showed without dispute that a fire occurred and caused at least a part of the damages, there was evidence that an explosion preceded the fire and the court did not submit to the jury any issue as to the amount of the loss proximately caused by the fire. Since the burden was on the appellee to allege and prove that the loss was one which came within the terms of the policy and since the evidence did not establish beyond dispute that all of the loss complained of was proximately caused by a fire, exclusive of the explosion, the court was not authorized to enter a judgment for the appellee on the verdict of the jury without a finding by the jury as to the extent of the loss proximately caused by the fire alone. Such a finding was necessary to a recovery. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; Dallas Hotel Co. v. Davison (Tex. Com. App.) 23 S.W.(2d) 708; International-Great Northern R. Co. v. Casey (Tex. Com. App.) 46 S.W.(2d) 669; Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591; Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210, at page 213, par. 11; Northwestern National Ins. Co. v. Mims (Tex. Civ. App.) 226 S. W. 738, par. 3.

We do not wish to be understood as holding that in all cases a petition which is otherwise good will be subject to a general demurrer for the mere failure to allege that the loss does not come within one of the excepted causes listed in the policy. In fact, if a copy of the policy is not attached to the petition and the petition does not otherwise disclose that the policy contains any exceptions to the general liability of the company, it would not appear from the face of the pleadings that there was any defect in the petition and the petition would be good as against a general demurrer. East Texas Fire Insurance Co. v. Dyches, 56 Tex. 565. Whether or not in such case there would be a material variance between the pleadings and proof when such policy is offered in evidence, or whether or not the pleadings would be sufficient to support the verdict of the jury and judgment of the court, it is not necessary for us to determine at this time. What we do hold is that when the policy is introduced in evidence and it then becomes known that there are certain exceptions to the general liability of the company for a loss caused by fire, and especially when the evidence raises the issue that a part of the loss was caused by an explosion which preceded the fire (which is one of the excepted causes), the burden rests upon the insured to prove, and to secure a finding from the jury, that all of the loss for which a recovery is allowed was proximately caused by a fire within the terms of the policy.

The other errors assigned will not likely arise in the same manner upon another trial, and we therefore do not deem it necessary to discuss such assignments.

For the reason above stated, the judgment of the trial court is reversed, and the cause remanded for a new trial.