## WESTCHESTER FIRE INS. CO. v. MADDOX.

### No. 1350.

Court of Civil Appeals of Texas. Waco.

May 4, 1933.

Rehearing Denied June 15, 1933.

Thompson, Knight, Baker & Harris, and Hubert W. Smith, all of Dallas, and Lewis M. Seay, of Groesbeck, for appellant.

W. M. White, of Mexia, and L. W. Shepperd and J. E. Bradley, both of Groesbeck, for appellee.

ALEXANDER, Justice.

This is a companion case to that of American Insurance Co. v. Maddox, 60 S.W.(2d) 1074, this day decided. J. F. Maddox brought this suit against the Westchester Fire Insurance Company to recover on a fire insurance policy in the sum of $1,000, issued by defendant on February 18, 1931. The policy covered the machinery and equipment used in a cleaning plant. The insurance company, in addition to entering a general demurrer and a general denial, sought to avoid liability on the ground that more insurance was carried on the property than was permitted by the policy. The verdict of the jury and judgment of the court were for the plaintiff, and the defendant appealed.

The policy provided that the total concurrent insurance, including the policy sued on, should not exceed. $4,500, and further provided: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy * * *." The appellee actually carried $6,000 insurance on the property in question, but the trial court held that appellant was estopped to set up a breach of the above provision of the policy as a defense to the suit. The issue of estoppel arose in this way: The appellant originally issued a policy on the property in question on February 18, 1929. This policy was issued by Phil Karner as appellant's agent and provided for concurrent insurance in the sum of $2,500. At that time another company represented by Tom Cox had issued and was carrying another policy on the same property in the sum of $1,000. Karner knew that this policy was in force. Some time thereafter during the year 1929 appellee improved the property and desired to take out additional insurance. After he conferred with Mr. Cox and Mr. Karner, it was agreed that $4,000 additional insurance should be taken out, $2,000 with Mr. Karner and $2,000 with Mr. Cox. Accordingly, Mr. Karner issued another policy for $2,000, and a short time thereafter Mr. Cox issued another policy for $2,000, making the total insurance $6,000. It does not appear whether Mr. Karner indorsed on the original policy theretofore issued by appellant in 1929 a permit for such additional insurance. Thereafter each of said policies making up the total insurance of $6,000, including the policy theretofore issued by appellant, was renewed from year to year and was in force at the time of the fire on October 5, 1931. The policy here sued on is a second renewal of the policy originally issued on February 18, 1929. It does not appear what concurrent insurance was provided for in appellant's renewal policy issued in 1930, but the renewal issued in 1931 and here sued on only provided for concurrent insurance in the sum of $4,500. The jury, in answer to special issues, found that before appellant's agent issued the policy sued on, Maddox informed appellant's agent that he was going to take $2,000 additional insurance with Cox as agent and that appellant's agent consented thereto. When appellant's agent issued the renewal policy in 1930 and again in 1931, he did not deliver either of said new policies to appellee, but kept each of them in his possession, and appellee never in fact knew that said policies limited the concurrent insurance to $4,500. Said agent issued each of said renewal policies without any request or communication from appellee and collected the premiums therefor.

We held in the case of American Insurance Company v. Maddox, supra, this day decided, that since the renewal policy was issued without any request or communication from the insured, it would be presumed, in the absence of a showing to the contrary, that the renewal was issued on the same information and subject to the same conditions known by the company to exist at the time the prior policy was issued. The holding therein controls in this case. Therefore, if at the time Karner issued appellant's policy on the property in 1930 he knew of or had consented to appellee's taking an additional policy in the sum of $2,000 with Tom Cox, appellant was then estopped to plead a breach of the provision which limited the total insurance to $4,500, and it

was likewise estopped to plead a breach of a similar provision in the policy issued in 1931, since said policy was issued upon the same information and subject to the same conditions as the former policy.

The only material difference between the facts involved in the case of American Insurance Company v. Maddox and the facts here involved is that in the former case the suit was upon a policy issued by Cox, who, at the time he was informed of and consented to the additional insurance, was definitely informed that the additional insurance had already been issued by Karner; whereas, in the case here under consideration, at the time the matter of additional insurance was discussed with Karner, the additional policy had not yet been issued by Cox. Karner was informed that an additional policy in the sum of $2,000 would be taken out with Cox. So far as the record shows, Karner was never thereafter informed that such additional policy had actually been issued by Cox. Upon these facts appellant asserts that its agent was without authority to accept notice of a mere intended breach of the provision of the policy. It is generally true that mere notice to the company's agent of an intention by the insured to take additional insurance in violation of the terms of the policy is not sufficient to estop the company; but it is also true that notice of an intention to take other insurance when consented to by the agent is sufficient to bind the company. It is said that the purpose of requiring notice of the taking of additional insurance is to enable the company to exercise its option to continue or cancel its contract, and that a condition that other insurance shall not be obtained without the consent of the company is better fulfilled by obtaining the consent before than after the contract for additional insurance. Whether the other insurance is taken out before or after the consent is given is immaterial so long as such consent is actually given. New Orleans Ins. Ass'n v. Griffin, 66 Tex. 232, 18 S. W. 505. Here the appellee is not relying upon mere notice of an intention to breach the concurrent insurance provision at some indefinite date in the future, but predicates his plea of estoppel upon the fact that in 1929 appellant's agent consented to the taking of additional insurance with knowledge of the fact that such consent would be acted upon by appellee and the further fact that thereafter appellant's agent renewed said policy with knowledge that he had granted such consent. There is evidence in the record which not only shows that appellee informed appellant's agent of his intention to take another policy with Mr. Cox, but that appellant's agent consented thereto. If appellant's agent consented to the taking of additional insurance in 1929, it was his duty to indorse such consent upon the policy which was then in his possession, and when he thereafter renewed such policy he should have made a similar indorsement thereon or else informed appellee that the company would no longer consent to such additional insurance. There was sufficient evidence to support the plea of estoppel, and the court did not err in refusing to instruct the jury to return a verdict for the defendant.

The case must be reversed, however, for another reason. The provision of the policy here sued on with reference to the general liability of the company and the exemption of the company from losses brought about by certain excepted causes, and the pleadings, evidence, and charge of the court with reference thereto, were substantially the same as those in the case of American Insurance Co. v. Maddox. For the reasons therein stated, it becomes necessary to reverse and remand this case for another trial. There are numerous other errors assigned, but these will not likely arise in the same manner upon another trial and we do not deem it necessary to discuss such assignments at this time.

For the reasons herein stated, the judgment of the trial court is reversed, and the cause remanded for a new trial.