General Accident Insurance Company v. Elizabeth Hayes.

Decided November 11, 1908.

**1.—Accident and Illness Insurance Policy—Evidence—Physician's Report.**

A physician's preliminary report as to the cause of illness is not competent evidence to prove the cause of illness in an action upon an insurance policy.

**2.—Same—Proof of Illness—Waiver.**

The refusal of an accident insurance company to pay a monthly indemnity demanded by the insured, on one ground specified in the policy, is not a waiver of its right subsequently to refuse payment on another ground. The rule is that such conduct constitutes a waiver only as to the sufficiency of the proofs in point of compliance with the requirements of the policy.

**3.—Same—Defense—Evidence without Pleading.**

By the terms of an accident insurance policy, the company, in certain contingencies, was liable for only one-seventh of the monthly indemnity payable in other cases; in an action upon said policy the plaintiff claimed the full monthly indemnity, and the defendant alleged that it was liable for only one-seventh of said amount under a certain clause in the policy, specifying it; on the trial the evidence failed to sustain the defendant's particular defense, but did show that it was liable for only one-seventh of the amount claimed because of another clause in the policy. Held, because evidence without pleading will not support a judgment, the court properly ignored the evidence and rendered judgment against the defendant.

**4.—Same—Nature of Disease—Judicial Knowledge.**

The courts can not take judicial knowledge of the fact that neither heart disease nor paralysis is a non-confining illness.

Appeal from the County Court of Galveston County. Tried below before Hon. George E. Mann.

*W. F. Kelly,* for appellant.

*Wm. B. Lockhart,* for appellee.

JAMES, Chief Justice.—This action is upon an accident and illness policy, brought by Elizabeth Hayes, sole heir and beneficiary of the insured, Robert Hayes, by reason of an illness disability from May 14 to November 30, 1906. Plaintiff was awarded a judgment for $145.83, with interest, etc.

There is no merit in the first assignment of error, which is that the policy provides for illness indemnity only in case of illness beginning after the policy had been in force for sixty days, and the uncontradicted proof was that the illness, claimed in the preliminary notice and final proof furnished by the insured, was contracted and begun after the policy was issued. The case was tried by the judge and there are no conclusions. There was testimony that the sickness referred to began more than sixty days after the policy was issued, and we must assume that the court so found the fact. The same must be said of the third assignment. There was testimony which admitted of finding that, during the period for which recovery was had, May 14 to November 30, 1906, the assured was confined to the house and regularly attended by a physician by reason of his illness.

The second assignment is also overruled.   The disease of paralysis was mentioned in the final proof furnished appellant.

The fourth assignment is that the court erred in giving judgment for $145.83, which is indemnity at the rate of $35 a month for the time between said dates, for the reason that the proofs at the trial showed that deceased during said period was sick with paralysis, and confined to the house, and therein attended by a physician by reason of such illness, and the policy provided for the payment of indemnity for a case of paralysis at the rate of $7 per month.

We find that the testimony showed that the assured was confined by disease and regularly attended by a physician for the time claimed, but we find that there was no testimony that the disease which confined him was heart trouble, unless the physician's preliminary reports furnished the company are considered as evidence.   They were not competent evidence for that purpose.   Abbott's Trial Ev., p. 603 (2d ed.).   The final report sent in and signed by the claimant himself stated his infirmity to be "Heart Disease and Paralysis."   Mrs. Hayes, the plaintiff, testified that the sickness which confined her husband to the house from July 18 to November 30, 1906, was caused by paralysis, and not heart disease, and if he had ever suffered with heart disease she did not know it.   This forms all the evidence on the subject.

It is contended by appellee that defendant, having refused to pay (except at the rate of $7 per month) on the ground that the final proof indicated that assured had not been confined to the house for the period stated, waived its right to object to the proofs on any other ground.   We understand the rule is that such conduct constitutes a waiver as to the sufficiency of the proofs as being in compliance with the requirements of the policy, but not an adoption or admission of the truth of what is contained in the statements.   It is quite clear that the proof established that the sickness which confined the insured was paralysis.

The question that arises is, whether or not the pleadings were such as to render that fact available to the defendant.   Clause "e" of the policy provides for $35 per month where the assured is confined to the house and regularly visited by a physician therein by reason of illness that is contracted and begins after the policy has been maintained for sixty days; or, if during convalescence immediately following said confinement, or by reason of any nonconfining illness the assured shall be wholly and continuously disabled from performing every duty pertaining to any business or occupation and require the regular attendance of such physician, the company will pay him indemnity at one-fifth the above rate.   Clause "h" under the head of "General Agreements" reads: "In event of injury or loss, fatal or otherwise, of which there shall be no external or visible mark on the body; or injury, fatal or otherwise, or disability due wholly or in part, directly or indirectly, to disease or bodily infirmity; or injury, fatal or otherwise, or disability resulting directly or indirectly from any gas, vapor, narcotic, anæsthetic or poison; or from rioting or strikes; or from exposure to obvious risk of injury or obvious danger; or death or disability due to or resulting, directly or indirectly, from injuries intentionally inflicted upon the assured by himself or by any other person, or from injuries inflicted upon the assured

by himself, or received by him while insane or while under the influence of any intoxicant or narcotic; or while suffering from disease or illness, or while attempting to evade arrest; or while violating law; or while violating the rules of a corporation, or the rules of a public carrier affecting the safety of its passengers; or disability or illness resulting wholly or in part, directly or indirectly, from tuberculosis, rheumatism, paralysis, orchitis, neuritis, hernia, lumbago, lame back, strains, sciatica, caccination, any venereal disease, dementia, insanity, or from surgical operation for any chronic ailment, then and in all such cases referred to in this paragraph, the limit of the company's liability shall be one-fifth of the amount which would otherwise be payable under this policy, anything herein to the contrary notwithstanding."

It is contended by appellee that the clauses are contradictory and repugnant, and the latter should not be given any effect, for the reason that that construction should be given the policy which is the more favorable to the insured. The clauses are not repugnant, the latter one being in the nature of an exception or qualification of the former general provision, and upon this theory they both can, and should, be given effect. The proper construction of them we find aptly set forth in Meadows v. Pacific Mutual Life Ins. Co., 31 S. W., 582 (Mo.), as follows: "If such instrument contain in it first a general clause, and afterwards a separate and distinct clause which has the effect of taking out of the general clause something that would otherwise be included in it, a party relying on the general clause, in pleading, may set out that clause only without noticing the separate and distinct clause which operates as an exception; but if the exception be incorporated in the general clause, then the party relying on it must, in pleading, state it together with the exception."

It follows from this that it devolved on the defendant to allege and prove the illness was one of those enumerated in the latter clause. This was not done. The defenses alleged were: 1st. A false warranty that the insured was in sound physical condition and had no physical infirmity or defect. There was evidence that the statement was true. 2d. That the disease which confined the assured was contracted before the policy was issued. This there was evidence to negative. 3d. That the proofs of illness furnished the company did not notify it of illness by which the assured was necessarily and continuously confined to the house and therein regularly attended by a physician; but on the contrary the illness was, according to the proofs furnished defendant, a nonconfining illness and one which the policy provides should be compensated for at the rate of seven dollars per month. It appears that the preliminary proof named "heart disease" and the final proof stated "heart disease and paralysis." The sufficiency of the proofs, as being such as the policy contemplated, was waived by defendant in passing on the final proof not finding fault with the same, but directing a settlement upon the basis of a nonconfining sickness, claiming that the proof indicated that this was the case. There was no evidence to show that neither heart disease nor paralysis was a nonconfining illness in support of this plea, and this is a matter not the subject of judicial cognizance.

In none of the pleas is any mention of the clause "h" or of "paralysis." The question, as before stated, is whether or not defendant was entitled to the benefit of testimony that the disease was paralysis, not

having pleaded it. On this subject the decisions have not been uniform. The cases of Pelican Ins. Co. v. Troy Ass'n, 77 Texas, 225; Phoenix Ins. Co. v. Boren, 83 Texas, 97, would sustain the right. But the principle of these opinions is against the weight of authority and has not been adhered to. See Burlington Ins. Co. v. Rivers, 9 Texas Civ. App., 177; Hartford Fire Ins. Co. v. Watt, 39 S. W., 200 (writ of error denied); Continental Casualty Company v. Jennings, 99 S. W., 425.

For the rule that the matter not having been pleaded, the proof, however introduced, could not avail as a defense, see Texas Banking Co. v. Stone, 49 Texas, 15.

The petition was based upon the general clause in the policy as for a confining disease, and the proof sustained this. The judgment, so far as the plaintiff's pleading and the proof were concerned, is sustainable. The only just objection we perceive to the judgment is that the court ignored the fact that the disease was paralysis, but under the authorities we are constrained to hold that it was correctly ignored.

*Affirmed.*