GINNERS' MUT. UNDERWRITERS OF SAN ANGELO, TEX., et al. v. WILEY & HOUSE.

(Court of Civil Appeals of Texas. El Paso. May 2, 1912. Rehearing Denied May 29, 1912.)

1. APPEAL AND ERROR (§ 753*) — ASSIGNMENTS OF ERROR—REVIEW.

Where assignments of error were not in the transcript when delivered to the Court of Civil Appeals, because of the fault of the clerk, the assignments will be considered on appeal, though not when the omission was due to appellant's attorney.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3086–3089; Dec. Dig. § 753.*]

2. APPEAL AND ERROR (§ 634*)—RECORD—RULES OF COURT.

The records on appeal should be brought into the court on appeal strictly in compliance with the rules of court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2775, 2829; Dec. Dig. § 634.*]

3. INSURANCE (§ 640*)—JUDGMENT (§ 251*) —FIRE INSURANCE—DEFENSES—PLEADING.

That insured in a fire policy procured other insurance without insurer's consent, in violation of a stipulation of the policy that it should be void if insured procured other insurance, is a matter of defense only, and, to be available, must be pleaded, and, when not pleaded, evidence of the provision and the procurement of additional insurance does not support a judgment for insurer.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1554, 1609–1612, 1614–1624; Dec. Dig. § 640;* Judgment, Cent. Dig. § 437; Dec. Dig. § 251.*]

4. INSURANCE (§ 336*) — FIRE INSURANCE—ADDITIONAL INSURANCE.

Where one having a lien on property procured additional insurance thereon without any authority from the owner, who had procured a policy stipulating that it should be void if insured procured other insurance, the policy procured by the owner was not void.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 856–873; Dec. Dig. § 336.*]

5. PLEADING (§ 291*)—WANT OF CONSIDERATION — VERIFICATION — "CONTRACT IMPORTING A CONSIDERATION."

A fire policy reduced to writing is a written contract importing a consideration within Rev. St. 1895, art. 1265, subd. 10, requiring a verified answer setting up failure of consideration of the contract sued on; and, in the absence of a verified answer alleging failure of consideration because of nonpayment of the premium, the defense is not available.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 864, 865, 866½–879; Dec. Dig. § 291.*]

6. INSURANCE (§ 137*) — FIRE INSURANCE — CONTRACTS—LIABILITY FOR PREMIUM.

Though an application for a fire policy did not contain a promise to pay the premium on the delivery of the policy, the obligation to pay the premium was a consideration for the issuance of the policy on which insurer could sue.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 231–245; Dec. Dig. § 137.*]

7. NEW TRIAL (§ 150*)—NEWLY DISCOVERED EVIDENCE—MOTIONS—AFFIDAVITS.

In the absence of an affidavit attached to a motion for new trial, on the ground of new-ly discovered evidence, to support the allegations of the motion that the defeated party has discovered evidence, the court cannot consider the motion.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 306–310; Dec. Dig. § 150.*]

8. APPEAL AND ERROR (§ 502*)—QUESTIONS REVIEWABLE — DENIAL OF NEW TRIAL — RECORD.

In the absence of a showing in the record on appeal that a motion for new trial on the ground of newly discovered evidence was presented to or acted on by the court, an assignment of error complaining of the denial of a new trial cannot be reviewed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2306–2309; Dec. Dig. § 502.*]

9. PARTNERSHIP (§ 213*)—EXISTENCE OF RELATION—PLEADINGS—ISSUES.

The effect of Rev. St. 1895, art. 1265, subd. 6, requiring a verified answer denying a partnership, as alleged in the petition, is not obviated as to all the defendants by the fact that a codefendant, alleged in the petition to be a partner, asserted in his special plea under oath that he was not a partner.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 408, 409; Dec. Dig. § 213.*]

10. FIXTURES (§§ 7, 27*)—"REAL PROPERTY."

A ginhouse and machinery therein, such as engines and boilers, permanently annexed to the soil, are real estate, under the rule that whatever is affixed to the soil belongs to the soil, and this applies where one who erects fixtures has a permanent estate in the land, qualified only by the rule that the annexation must be of a permanent character; and personalty, when permanently affixed to realty, becomes a part of the realty, unaffected by the fact that a right of removal may exist by virtue of an agreement.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 5, 7–13, 22, 25, 44, 45, 54; Dec. Dig. §§ 7, 27.*

For other definitions, see Words and Phrases, vol. 7, pp. 5939–5951; vol. 8, pp. 7778, 7779.]

11. INSURANCE (§ 640*)—FIRE INSURANCE—DEFENSIVE MATTER.

The provision in a fire policy that property insured shall be considered personalty for the purposes of the contract is defensive, limiting the liability of insurer, and, to be available in an action on the policy, it must be pleaded.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1554, 1609–1612, 1614–1624; Dec. Dig. § 640.*]

12. INSURANCE (§ 500*)—FIRE INSURANCE—STIPULATIONS—VALIDITY.

Where property covered by a fire policy is clearly real estate, a provision in the policy that the property shall be considered personalty for the purposes of the contract is void, because in contravention of Rev. St. 1895, art. 3089, providing that a fire policy in case of a total loss shall be considered to be a liquidated demand against insurer for the amount of the policy, provided the provision shall not apply to personalty, though, where the true status of the property is doubtful, it may be permissible for the parties by agreement to impress it with the character of personalty, provided the agreement is made in good faith, and not to contravene the statute.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1275, 1276; Dec. Dig. § 500.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Appeal from District Court, Young County; A. H. Carrigan, Judge.

Action by Wiley & House against the Ginners' Mutual Underwriters of San Angelo, Tex., and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Cocke & Cocke and Donald Shilg, all of Dallas, Loomis & Knollenberg, of El Paso, and Arnold & Arnold, of Graham, for appellants. C. W. Johnson and Kay & Akin, all of Graham, and Turney & Burges, of El Paso, for appellees.

HIGGINS, J. Action by appellees upon a fire insurance policy covering a ginhouse and machinery therein contained against the Ginners' Mutual Underwriters of San Angelo, Tex., and various individuals alleged to be members thereof; said Ginners' Mutual Underwriters being alleged to be an unincorporated association and copartnership composed of said individuals. The issuance and delivery of the policy was alleged, and its provisions were set out in general terms, together with the other allegations necessary to show liability. The policy was not attached or made a part of the petition. The defendant Baldwin filed a general demurrer, general denial, and a special plea under oath, averring that he was not and never was a partner, nor in partnership with, or in any manner liable as a partner to, plaintiffs, with the Ginners' Mutual Underwriters, and the other defendants. The other defendants answered simply by general demurrer and general denial. Upon trial before the court, judgment was rendered for the full amount of the policy sued upon.

[1] Various motions in this case have presented the question of whether or not we should consider the assignments of error. The assignments of error were not in the transcript when it was filed, but were afterwards brought up by writ of certiorari issued by the Ft. Worth court, from which this case was transferred. The facts in regard to the matter, so far as shown, seem to be substantially these: Having an arrangement with one district clerk that the transcript should be completed to the assignments of error and then forwarded to them (this clerk having died), Cocke & Cocke, attorneys for appellants, wrote the subsequent clerk to send the transcript to them. He sent the transcript, complete and certified to, with the exception that it contained no assignments. They refused to accept it, not because of the absence of the assignments, but because they contended they did not have to pay for it at that time. It was returned to the clerk, and in an affidavit for a writ of certiorari filed by them they say that they instructed him to put the assignments of error in it. They do not, however, give us in the record a copy of this letter; and the clerk in substance certifies that he had no such instructions from them, that the instructions were to deliver to the Court of Appeals.

It is apparent that, as the record stands, whether the assignments of error should be considered depends upon whether it is the fault of the clerk that they were not in the transcript before it was delivered to the Court of Appeals, or the fault of the attorneys for appellant.

[2] We have concluded to consider the assignments, but we take this occasion to say that we are being continually confronted in this court with varying conditions of the record in which but for the exercise of our discretion, and, upon the application strictly of the rules, clients would lose substantive rights by the procrastination and carelessness of counsel. We do not wish to be construed as criticizing these particular counsel, but we wish, using this occurrence as an illustration, to impress upon the bar generally that it will be safer practice to bring their records into this court strictly in compliance with the rules, as we are fast arriving at the conclusion that it is our duty to apply the rules in regard thereto strictly.

[3] Passing now to a consideration of the merits of this appeal, it is contended that the court erred in rendering judgment for appellees because the testimony shows that there existed at the time of the fire, without defendants' knowledge, but with the plaintiff's full knowledge and consent, other insurance on said property which annulled and avoided the insurance policy by virtue of a provision in the contract to the effect that the entire policy should be void if the insured then had or thereafter made or procured other insurance upon the property. This was a matter of defense, and, in the absence of pleading to support such a defense, the defendants could not avail themselves of the provision of this clause, and from foregoing statement of the pleadings it will be noted there was no such defense interposed.

The opinions of Judge Stayton in Pelican Ins. Co. v. Troy, etc., 77 Tex. 225, 13 S. W. 980, and Phœnix Ins. Co. v. Boren, 83 Tex. 97, 18 S. W. 484, would seem to sustain the view that this was not such defensive matter as must have been pleaded by appellants, but these cases depart from the rule laid down by Judge Gould in Insurance Co. v. Dyches, 56 Tex. 566, as follows: "Enough of the contract was stated, in connection with facts showing performance or excuse for nonperformance of all conditions precedent, to show, prima facie, a complete right of action. Those parts or conditions of the contract which are matters in the nature of conditions subsequent, or in the nature of exceptions, or which are prohibitory of certain acts by the assured, are matters of defense, and were not required to be noticed or negatived in the petition." It occurs to us that Judge Stayton did not have in mind the distinction which clearly exists between

the effect of conditions precedent to the consummation of the contract, or liability thereon, and provisions in the nature of conditions subsequent, provisos, warranties, and limitations upon liability, which is so clearly recognized in the Dyches Case, supra, and by the great and overwhelming weight of authority. In Burlington v. Rivers, 9 Tex. Civ. App. 177, 28 S. W. 453, the question is discussed, and the court, relying upon the Dyches Case, declined to follow the rule enunciated by Judge Stayton, and the Rivers Case has been repeatedly followed by the various Courts of Civil Appeals. General Accident Ins. Co. v. Hayes, 52 Tex. Civ. App. 272, 113 S. W. 990; Phœnix Ins. Co. v. Coffman, 10 Tex. Civ. App. 631, 32 S. W. 810; Employers', etc., Co. v. Rochelle, 13 Tex. Civ. App. 232, 35 S. W. 869; Hartford Ins. Co. v. Watt, 39 S. W. 200; Continental Co. v. Jennings, 45 Tex. Civ. App. 14, 99 S. W. 423; Phœnix Ins. Co. v. Deavenport, 16 Tex. Civ. App. 283, 41 S. W. 399. See, also, 19 Cyc. 921.

We are therefore clearly of the opinion that the provision of the contract under consideration was defensive in its nature, and should have been pleaded by appellants. Not having been pleaded, evidence of the provision, however introduced, was not available as a defense, and would not support a judgment for the defendants. Denison v. League, 16 Tex. 400; Banking Co. v. Stone, 49 Tex. 4; Ins. Co. v. Hodge, 30 Tex. Civ. App. 257, 70 S. W. 574, 71 S. W. 386; Insurance Co. v. Hayes, 52 Tex. Civ. App. 272, 113 S. W. 990; Lawder v. Larkin, 94 S. W. 171; Harvey v. Cummings, 68 Tex. 599, 5 S. W. 513; Insurance Co. v. Brown, 82 Tex. 631, 18 S. W. 713; Howard v. Metcalf, 26 S. W. 449.

[4] Aside from this consideration, the facts in regard to this additional insurance were that it was not procured by Wiley & House and they had nothing to do with the procuring thereof; the same having been obtained by the Murray Company, who had a lien upon some of the machinery in the building. Aside, therefore, from the sufficiency of appellants' pleadings to predicate a defense upon this provision in the contract, it cannot avail them because this additional insurance was not procured by the appellees, and the unauthorized action of the Murray Company could not invalidate their policy.

[5] Under the second, third, and fourth assignments, it is contended that the court erred in finding for the plaintiff because the testimony showed that the premium had not been paid by appellees. The policy of insurance was a written contract, importing a consideration, and in the absence of a verified plea that same was without consideration, or that the consideration had failed, this defense was not available. R. S. 1895, art. 1265, subd. 10; Phœnix Ins. Co. v. Hague, 34 S. W. 654.

[6] Furthermore, the application for the insurance did contain a promise to pay the premium upon delivery of the policy, and this obligation was a consideration for the issuance of the policy upon which appellants could have sued and recovered. There is nothing in the policy to indicate that payment of the consideration in cash of the premium was a condition precedent to any liability upon the policy; but, if by the terms of the policy it was a condition precedent, yet, under the provisions of the statute just quoted, the failure to pay same must have been pleaded by the defendants under oath.

[7] The court did not err in refusing to grant a new trial on the ground of newly discovered evidence tending to show that the premises were burned by the appellees. There is no affidavit attached to the motion for a new trial to support the allegation therein contained that they had discovered such evidence, and, in the absence of such an affidavit, this ground should not have been considered. Scranton v. Tilley, 16 Tex. 183.

[8] Furthermore, the record fails to disclose that this motion for a new trial was ever presented to or acted upon by the court, and, in the absence of such a showing, the question raised by this assignment cannot be reviewed.

[9] We cannot review the sufficiency of the testimony to determine whether or not the defendants Alexander, Murff and Shuler were partners as members of the Ginners' Mutual Underwriters. They did not deny the allegation of partnership contained in the petition, and in the absence of such denial under oath this question cannot be reviewed. Article 1265, subdiv. 6, R. S. 1895. In Hayden v. Ramsey, 14 Tex. Civ. App. 185. 36 S. W. 595, it was held that a denial of the partnership by one of the defendants inured to the benefit of all, and that it was not necessary that each of the defendants should verify the plea. In that case, however, it seems that there was a general denial under oath of the existence of the partnership alleged, whereas in the instant case Baldwin did not generally deny the alleged partnership, but merely asserted that he was not a partner, nor in partnership with the other defendants. His denial of partnership was a limited one, excluding the idea of a general denial of the partnership as alleged, and the case last cited is therefore not applicable as there is no pleading denying that the defendants Alexander, Murff and Shuler were in partnership with their other codefendants, as alleged by the plaintiffs. No question is raised as to the sufficiency of the evidence to hold Baldwin liable as a partner.

Under the seventh and eighth assignments it is contended that appellants by virtue of the two-thirds loss clause in the policy are liable only for two-thirds of the loss sustained. The amount of the policy was $4,-

000, apportioned as follows: $500 on the one-story ginhouse, $100 on the boiler room, $2,500 on machinery of all kinds in use in the ginhouse, excepting engines, boilers, and fittings, $900 on the engines and boilers and settings, pumps, smokestack, and heater in the boiler room.

[10-12] Article 3089, R. S. 1895, reads as follows: "A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy; provided that the provisions of this article shall not apply to personal property." As to the ginhouse and boiler room, the policy was certainly a liquidated demand, and the two-thirds value clause, by virtue of the statute just quoted, was in no wise applicable. Insurance Co. v. Meyer, 9 Tex. Civ. App. 7, 29 S. W. 93. If the ginstands, condensers, flues, presses and other machinery upon which there was $2,500 insurance, and the engines, boilers, etc., upon which there was $900 insurance, were personal property, then the clause is applicable. As impressing upon these items the character of personalty, appellants relied upon a clause in the policy which reads as follows: "It is understood and agreed, and it is hereby made a warranty on the part of the assured, that all machinery, boilers, engines and all materials and things (except the gin, boiler house buildings, or buildings proper) contained in the gin and boiler house building shall be defined and considered personal property for the purposes of this contract." If the machinery, engines, and boilers can be considered as personalty, it is by virtue of the provisions of the contract quoted, and this provision being defensive in its nature, limiting the company's liability, it must have been pleaded, and not being pleaded, it is of no avail, under the authorities heretofore cited. Aside from a consideration of the sufficiency of the pleadings, it is a maxim of the common law that "whatever is affixed to the soil belongs to the soil," and this applies to the fullest extent where the person who erected the fixtures has a permanent estate in the land, qualified only by the rule that the annexation must be of a permanent character. Tiedeman on Real Property, § 4. Personalty, when permanently affixed to the realty, becomes a part of the realty, and its status as such is not affected by the fact that a right of removal may exist by virtue of an agreement giving such a right. The machinery, engines, and boilers covered by this contract of insurance, under the well-established rules governing in such cases, must be considered as a part of the realty, because their annexation must necessarily have been of a permanent character. Such being the case, we are of the opinion that it was not competent for the parties by agreement to impress them with the character of personalty, as the effect thereof would be to contravene and evade the terms of the statute just quoted. Havens v. Insurance Co., 123 Mo. 403, 27 S. W. 718, 26 L. R. A. 107, 45 Am. St. Rep. 570. It is unnecessary to cite authority to the effect that an agreement in plain violation of the express terms of the statute is void.

In some instances it is difficult to determine just whether a fixture has become a part of the realty, or whether it retains its original character as personalty; as, for instance, where it is questionable whether the annexation is of a permanent character or not. In such cases where the true status of the property is doubtful, it would perhaps be permissible for the parties by agreement to impress it with the character of personalty so long as the agreement was made in good faith, and not for the purpose of evading or contravening the statutory provision. In the present instance, however, no such doubt could exist as to the true character of the property which it is sought to impress with the character of personalty, and, if it would be permissible to impress this property with that character by agreement, it would be equally permissible to impress the houses themselves with such a character, and it would hardly be contended that this could be done. We are therefore clearly of the opinion that, notwithstanding the provision of the contract quoted, the machinery, engines, and boilers must be considered as a part of the realty, and that the two-thirds value clause has no application.

There is no merit in the ninth and tenth assignments, and they are overruled.

Affirmed.