## GIRARD FIRE & MARINE INS. CO. v. MALLARD. (No. 3154.)

Court of Civil Appeals of Texas. Amarillo. Jan. 16, 1929.

Rehearing Denied Feb. 6, 1929. Second Rehearing Denied March 6, 1929.

Thompson & Taylor, of Dallas, for appellant.

Bean & Klett, of Lubbock, for appellee.

On Motion for Rehearing.

HALL, C. J. The appellee sued the defendant in the county court of Lubbock county to recover $1,000 for the loss by fire of certain goods, wares, and merchandise covered by a policy issued by appellant. She alleges, in substance, that about the first week in April, 1927, she moved the insured property, a stock of millinery, from the Easter store in the town of Lubbock, with the knowledge and consent of the defendant and its agents; that said agents promised and agreed to the removal of said stock and to issue a removal permit, insuring the property at the place to which it was moved; that the said stock of goods of the approximate value of $1,500 was destroyed by fire, whereby she suffered damages in the sum of $1,000, being the full amount of the policy; that she gave the required notice of loss, and complied with all the conditions of the policy.

She further alleges in the alternative that, if her policy had been canceled, it was done

without her knowledge or consent, and was wrongfully canceled, to her damage in the sum of $1,000.

The defendant answered by a general and numerous special exceptions, a general denial, and specially denies that the plaintiff at any time gave notice of the removal of her goods from the premises named in the policy, and denies that any permission was given for such removal; that the policy had been canceled at the time of the fire, and plaintiff had been notified of such cancellation; that plaintiff failed to prepare and keep, in the regular course of business, a set of books clearly presenting a complete record of business transacted, including all purchases, sales, and shipments, both for cash and on credit.

In response to special issues, the jury found: (1) That the defendant company had notice of the removal by plaintiff of her goods to the Stevens store prior to the alleged cancellation of the policy; (2) that the defendant agreed, before the fire, to have the policy sued on cover the plaintiff's goods at the Stevens store; and (3) that the defendant's agents did not give plaintiff notice before the fire of the alleged cancellation of the policy sued on.

■ The first proposition is that the court erred in not sustaining defendant's special exception to the petition, because it alleges the value of the goods to be $1,500, without alleging how said value was arrived at, whether by guess, speculation, or otherwise. This proposition is without merit, and is overruled.

■ It is also asserted that the uncontroverted testimony shows that the plaintiff moved her merchandise from the Easter store, where it was covered by insurance, without making application for a transfer or removal permit and without the issuance thereof by defendant or its agent of such permit. This proposition is not sustained by the record. The plaintiff herself testified that she had the permission of one of defendant's agents to move her goods and the assurance that said agent would see to it personally that the insurance would cover it as transferred, telling her "we will take care of you." Mrs. Gertrude Wayland, a third party, also testified that she heard plaintiff tell appellant's agents that she wanted to change her policy from the store where the goods were at present to the new one to which she was moving, and that one of the agents said they would gladly do so.

■■ Under several propositions, it is insisted that the court erred in refusing to give certain special issues requested by appellant. The record discloses that the court did not give the special issues in the exact language, but did submit the same issues inquiring as to the same facts. It is not true, as asserted, that the uncontroverted testimony was that the policy was duly canceled long prior to the fire. Plaintiff testified that it had not been canceled and that she was assured by one of the agents that it would not be, and the jury has accepted her statement. This is also true as to the contention that the uncontroverted testimony shows that defendant's agents had no notice of the removal by plaintiff of her stock of goods to the Stevens store. There is evidence in the record to sustain each of these findings by the jury. The issues were submitted at the request of the appellant.

■ Even if it be admitted that the appellee moved her stock of merchandise prior to the time the appellant's agents consented to such removal, the agent's subsequent assent is sufficient.

"Ratification is equivalent to a prior consent and where insurer is advised of a removal and fails to cancel the policy and return the unearned premium, its consent to the removal will be presumed." 26 C. J. 228, § 278.

■ It is also insisted that the appellee is not entitled to recover because she did not comply with the requirements of the record warranty and iron-safe clause of the policy. This clause required appellee to keep a set of books, invoices, etc., showing purchases, sales and shipments, etc., and further stipulated that appellee should keep her books, invoices, etc., securely locked in a fire-proof safe at night or when the building was not actually open for business, or that she should keep them in some secure place, not exposed to a fire which would destroy the building. Appellant pleaded that appellee failed to prepare and keep, in the regular course of business, a set of books showing her business transactions, but did not plead appellee's failure to keep them in an iron safe or other secure place. Whether this stipulation is an affirmative or promissory warranty or a condition precedent or subsequent, it is a special defense, which appellant was required to specifically plead, and a failure to do so is an abandonment of it. Ginners' Mutual Underwriters v. Wiley & House (Tex. Civ. App.) 147 S. W. 629, and authorities cited; Camden Fire Insurance Ass'n v. Wandell (Tex. Civ. App.) 195 S. W. 289; American Central Insurance Co. v. Murphy (Tex. Civ. App.) 61 S. W. 956.

■ But, aside from this, the breach of the stipulation, if any, is a complete and independent defense, and, even if appellant had pleaded it, the failure to request the submission of the issue to the jury is a waiver and an abandonment of such defense. Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1084.

The original opinion is withdrawn.

We find no reversible error in the record, the motion for rehearing is overruled, and the judgment is affirmed.