**STANDARD BANKERS LIFE INSURANCE COMPANY, Appellant,**

**v.**

**Henry Clay JAMES, Appellee.**

**No. 16442.**

Court of Civil Appeals of Texas.

Fort Worth.

June 28, 1963.

Rehearing Denied July 19, 1963.

---

---

Hal Jackson, Denton, and Burt Barr, Dallas, for appellant.

Coleman & Whitten and Earl L. Coleman, Denton, for appellee.

MASSEY, Chief Justice.

█ The true question presented by the appeal is whether, under the particular policy of "hospital and surgical expense" sued upon, the "insured" may recover upon proof of facts contradictory of facts reflected on the "claim forms" presented the Company in "proof of loss". In this case we hold that the representations of fact in connection with the proof of loss were evidentiary only, and did not render improper

the judgment awarded the insured. See 22A Tex.Digest, Insurance, Ch. XIV "Notice and Proof of Loss", ☞552, "Misstatements and omissions"; Appleman, Insurance Law And Practice, Sec. 3581, "Effect of Mistakes and Omissions—Generally"; Continental Casualty Co. v. Jennings, 1907, 45 Tex.Civ.App. 14, 99 S.W. 423; Union Mut. Life Ins. Co. of Portland, Me. v. Payne, 1900 (5th Cir.), 105 F. 172, 45 C.C.A. 193.

In the claim forms the insured's signature appeared under the following printed language: "I declare the foregoing answers and statements to be true and correct and I agree that if any are untrue, all rights under my policy shall be void." Above same was the question: "On what date were symptoms of illness first noticed?" Written in answer thereto was: "Winter 60". From the undisputed evidence the meaning of this answer could only have been "January, February, or March of 1960". The insured testified that this was not fact, that it was written by an employee of the hospital when insured was confined after an operation, that the instrument was not read before it was signed, and that at the time it was signed and mailed to the Company the insured was unaware that it appeared as part of the proof of loss.

The coverage of the policy sued upon, in so far as coverage afforded thereunder pertained to the benefits for which claim was made, did not apply unless the "symptoms of illness" were first noticed *after* June 20, 1960. Testimony on the trial was to the effect that said symptoms did not appear until after said date, and we hold that such evidence was sufficient to support a fact finding in accord.

On the face of the policy itself, issuance and effectiveness of which was supported by consideration, was provision for "notice" of claim. There is no contention that said provision was not satisfied. Also appearing was provision for presentation of written proof of loss in the event of any claim,

**446**

timeliness of which is not a question in this case. Nothing appears in the provision relative to requirements as to contents of a proof of loss.

In the policy also appears provision relative to "claim forms". The provision obligates the Company to furnish an insured its usual claim forms for use in filing proofs of loss, with statement that "If such forms are not furnished within fifteen days after the giving of such notice the claimant shall be deemed to have complied with the requirements of this policy as to proof of loss upon submitting * * * written proof covering the occurrence, the character and the extent of loss for which claim is made."

Here there is no complication presented by any "consideration" for, or "change of position" in reliance upon, any statement or misrepresentation. Nowhere in the policy does there appear any language which purports to bind an insured by statements made pursuant to the execution of any instrument or to the contents of any proof of loss or exhibits purporting to support it. It is evident, therefore, that the proof introduced against the insured constituted by the statements in the claim form above her signature was evidentiary only. That this is so is particularly made apparent in view of the insured's testimony in qualification, justification, explanation or excuse for the presence of the statement that the origin of the illness antedated June 20, 1960.

Nothing appearing herein should warrant an inference that our judgment might be different if there were other and different provisions in the policy of insurance relative to claim representations in connection with proofs of loss thereunder made or filed.

Among the forms mailed to the Company in connection with the filing of the proof of loss was one completed by the physician who performed the operation. The physician did not testify on the trial. He had not seen the insured prior to July of 1960. In reply to the question: "In your opinion, when did the basic cause of this disability originate?", a blank in the form was completed by the doctor as: "About March 1960".

 The insured, though shown to have mailed the same to the Company as a part of the proof of loss, would not be bound by the doctor's opinion therein given. Though the burden was cast on the insured to prove that the origin of illness occurred after June 20, 1960, that burden did not include an obligation to prove that the attendant physician was in error in having formed an opinion that the origin sooner occurred. What is important would be the opinion of the jury (or the court in the absence of the jury) as to the date of such origin, not the opinion of an insured's physician— even though it was furnished to the Company as part of the proof of loss.

Judgment is affirmed.